**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, LOCAL LODGE 845, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**T–West Sales and Service, Inc., dba Desert Toyota, Intervenor.**

**International Association of Machinists & Aerospace Workers, Local Lodge 845, AFL–CIO, Petitioner;**

v.

**National Labor Relations Board, Respondent,**

548

T–West Sales and Service, Inc., dba
Desert Toyota, Intervenor.

International Association of Machinists
& Aerospace Workers, Local Lodge
845, AFL–CIO, Petitioner,

v.

National Labor Relations
Board, Respondent,

T–West Sales and Service, Inc., dba
Desert Toyota, Intervenor.

Nos. 05–77400, 05–77408, 05–77419.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed Jan. 24, 2008.

David A. Rosenfeld, Esq., Weinberg
Roger & Rosenfeld, Alameda, CA, for Pe-
titioner.

Regional Director, National Labor Rela-
tions Board Region, Oakland, CA, Region-
al Director, San Francisco, CA, Aileen A.
Armstrong, Esq., Kathleen Lyon, National
Labor Relations Board, Contempt Litiga-
tion & Compliance Branch, Washington,
DC, for Respondent.

Joel W. Rice, Esq., Fisher & Phillips,
LLP, Chicago, IL, for Intervenor.

Before: SILVERMAN and W. FLETCHER, Circuit Judges, and TIMLIN *, Senior Judge.

MEMORANDUM **

In 2002, an administrative law judge ("ALJ") issued a so-called *Gissel* bargaining order that required an employer, Desert Toyota, to begin bargaining with a union. *See NLRB v. Gissel Packing Co.,* 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). The ALJ issued this unusual remedy after finding that on several occasions Desert Toyota had violated the National Labor Relations Act, 29 U.S.C. §§ 151–169 ("NLRA"). The ALJ decided that these unfair labor practices ("ULPs") made the chances slight that the union could hold a fair election. Desert Toyota sought National Labor Relations Board ("NLRB" or "Board") review by filing exceptions to the ALJ's bargaining order. Three more ALJ decisions and a district court injunction followed.

On review, the NLRB, with one of the three panel members dissenting, disagreed with the ALJ bargaining order decision, holding that "the coercive effects of the Respondent's unlawful conduct can be alleviated by the use of the Board's traditional remedies." *TWest Sales & Service, Inc. d/b/a Desert Toyota & Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge 744, AFL–CIO,* 346 NLRB No. 3 at * 1 (2005) ("*Desert Toyota I* "). Such traditional remedies here included issuing a cease-and-desist order, making Desert Toyota post notices at the workplace, and

requiring reinstatement and backpay for one discharged worker. *Desert Toyota I* also controlled the outcome in three related decisions issued the same day, 346 NLRB No. 1 (2005) ("*Desert Toyota III* "), 346 NLRB No. 2 (2005) ("*Desert Toyota IV* "), and 346 NLRB No. 4 (2005) ("*Desert Toyota II* "). Based on *Desert Toyota I,* in *Desert Toyota II–IV* the Board *inter alia* rejected ULPs arising from Desert Toyota's post-bargaining order failure to bargain with the union. *See, e.g., Desert Toyota III* at *1 ("[P]ursuant to our decision in [*Desert Toyota I* ], we reverse the judge's findings of violations.").

The union petitioned for review of *Desert Toyota I*'s holding that a *Gissel* bargaining order was not required; Desert Toyota intervened in support of the Board. The union also brings consolidated petitions for review of *Desert Toyota II–IV*'s holdings about the post-bargaining order ULPs; these petitions would require remand only if the Board erred in *Desert Toyota I* by refusing to issue a bargaining order, as the latter three petitions rise and fall with *Desert Toyota I.* The union does not petition for the review of the other holdings in *Desert Toyota II–IV.*

We apply an abuse of discretion standard to the Board's remedial decisions. *See, e.g., General Teamsters Local No. 162 v. NLRB,* 782 F.2d 839, 844 (9th Cir.1986) (calling the Board's remedial discretion "exceedingly broad" and "a reviewing court's scope of review ... narrow"). We deny the union's petition for review, finding the Board's decision not an abuse of discretion.

■ The union argues that the Board failed to properly account for the effect of the support of the majority of Desert Toy-

---

* The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ota workers through recognition cards. But majority support is merely a necessary condition in a Category II *Gissel* bargaining order case, not a factor to be weighed by the Board in deciding whether to issue a *Gissel* bargaining order. *See NLRB v. Davis*, 642 F.2d 350, 352 (9th Cir.1981). Therefore, we reject the union's argument.

█ The union also argues that the Board abused its discretion in concluding that traditional remedies instead of a bargaining order would suffice to correct for the effects of the ULPs, given the small size of the bargaining unit, the involvement of high-level supervisors, the effect on the organizing drive when Desert Toyota fired a key worker, and other factors, including ULPs committed after the bargaining order was issued. We find, given the NLRB's broad remedial discretion and our constrained review, that the Board did not abuse its discretion in deciding that traditional remedies were sufficiently curative of Desert Toyota's violations. *See, e.g., Overnite Transp. Co. v. NLRB*, 280 F.3d 417, 422 (4th Cir.2002). Therefore, we neither order that a bargaining order be issued nor remand the case for reconsideration.

█ Finally, the union argues that the Board abused its discretion in dismissing certain union testimony as uncorroborated hearsay. Even assuming without deciding that the Board erred, the issue is not significant enough to warrant a remand. *Cf. Consolidated Edison Co. of New York, Inc. v. NLRB*, 305 U.S. 197, 230, 59 S.Ct. 206, 83 L.Ed. 126 (1938) (holding that a Board order cannot be grounded in hearsay).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Our decision to deny the *Desert Toyota I* petition controls our response to the union's consolidated petitions for review of the Board's associated decisions in *Desert Toyota II–IV*. We therefore deny those petitions as well, given that the Board's decision not to issue a bargaining order did not constitute an abuse of discretion.

Petitions for review DENIED.